h SAUNDERS, Judge.
This is an appeal from the lower court’s denial of an Exception of Improper Venue. Donald Hebert, hereinafter “Plaintiff,” brought suit under the “savings to suitors” clause in Vermilion Parish against his employer, Bradford Marine, Inc. and its insurer, hereinafter “Defendant,” to recover damages arising from an offshore accident. Plaintiff was thrown from a vessel onto a platform located within Vermilion Block 46 in the Gulf of Mexico, off the coast of Vermilion Parish, Louisiana. Defendant excepted to venue, arguing proper venue to be LaSalle Parish. We reverse the lower court’s rule denying the exception.

J¡FACTS

Plaintiff is a Vermilion Parish domiciliary and Defendant is a former entity, once located in LaSalle Parish, which no longer does business, has no employees, and possesses no assets. Defendant’s registered office at the time of the accident was in LaSalle Parish. On October 26, 1996, the alleged accident occurred on the Outer Continental Shelf (OCS), south of Freshwater City, Vermilion Parish. Plaintiff was thrown from the “Leopold T,” a vessel owned by Defendant, onto a platform when the vessel rammed into the structure while attempting to dock. Plaintiff allegedly sustained damages and now seeks compensation.

LAW

Defendant asserts as error the lower court’s finding, pursuant to La.R.S. 49:6 and Union Texas Petroleum v. PLT Engineering, 895 F.2d 1043 (5 Cir. 1990), of Vermilion Parish as proper venue for an action on an offense or quasi offense which occurred near a platform located on the OCS beyond the gulfward extension of Vermilion Parish. La.R.S. 49:6 provides, in pertinent part, that the “gulfward boundary of all said coastal parishes extend (sic) coextensively with the gulfward boundary of the state of Louisiana,” thus making the gulfward boundary for Vermilion Parish “3 marine leagues from the coast.” La. R.S. 49:1.
In the present matter, the trial judge denied defendant’s exception reasoning that the language of Union Texas effectively extended the gulfward boundary of the parish to the outer limits of the OCS. In holding that Louisiana procedural law applied to non-maritime contract disputes concerning the construction of a gathering line in the OCS, the Fifth Circuit in Union Texas used the Outer Continental Shelf Lands Act, OCSLA, as a guide to determine the appropriate place for the filing of liens. OCSLA provides in pertinent part:
ls(l) The Constitution and laws and civil and political jurisdiction of the United States are hereby extended to the subsoil and seabed of the outer Continental Shelf and to all artificial islands, and all installations and other devices permanently or temporarily attached to the seabed, which may be erected thereon for the purpose of exploring for, developing, or producing resources therefrom, or any such installation or other device (other than a ship or a vessel) for the purpose of transporting such resources, to the same extent as if the outer Continental Shelf were an area of exclusive Federal jurisdiction located within a State....
(2)(A) To the extent that they are applicable and not inconsistent with this sub- *820 chapter or with other Federal laws and regulations of the Secretary now in effect or hereafter adopted, the civil and criminal laws of each adjacent State, not in effect or hereafter adopted, amended, or repealed are hereby declared to be the law of the United States for that portion of the subsoil and seabed of the outer continental Shelf, and artificial islands which would be within the area of the State if its boundaries were extended seaward to the outer margin of the outer Continental Shelf....
43 U.S.C. § 1333.
In Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 480, 101 S.Ct. 2870, 2876, 69 L.Ed.2d 784 (1981), on remand 628 S.W.2d 171 (Tex.App.1982), the United States Supreme Court explained that the OCSLA “borrows the ‘applicable and not inconsistent’ laws of the adjacent States as surrogate federal law.” Citing Rodrigue v. Aetna Casualty & Sur. Co., 395 U.S. 352, 355-359, 89 S.Ct. 1835, 1837-1839, 23 L.Ed.2d 360 (1969). In essence, Union Texas and Gulf Offshore interpreted OCSLA to allow for the application of adjacent state procedural rules to guide the application of the substance of the act.
The present suit is brought under the “savings to suitors” clause of the Judiciary Act of 1789. A claim brought under this clause is one which sounds in admiralty, invoking the substance of the federal common law — not specific legislation such as OCSLA. The “savings to suitors” clause is a federal grant of “all other remedies to which they [suitors] are otherwise entitled” when bringing “[a]ny civil case of admiralty or maritime jurisdiction.” 28 U.S.C. § 1333(1). The saving to suitors clause grants to plaintiffs the option of bringing in personam maritime suits |4in state court. Holcomb v. Era Helicopters, Inc., 618 F.Supp. 339, 343 (E.D.La. 1985). Cason v. Diamond M. Drilling Company, 436 So.2d 1245, 1248 (La.App. 1 Cir. 1983) provides:
[the savings to suitors clause saves to suitors] bringing an in personam claim [and] seeking relief under the laws of admiralty, a remedy in a “common law” (i.e., non-admiralty) court. In an action brought in state court under the “savings to suitors” clause, federal substantive law applies, but where the result is not substantially affected, the procedural law of the forum applies.
Louisiana’s jurisdiction over this matter is not challenged on appeal. Louisiana’s procedural law naturally guides the legal proceedings in its courts and the instant question which is the procedural question of venue.
The trial court used the Union Texas analogy in combination with La.Code Civ.P. art. 74 to find Vermilion Parish as the parish of proper venue. La.Code Civ.P. art. 74 provides, in pertinent part, that “[a]n action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained.” We note that La. Code Civ.P. art 74 falls within the exceptions to the general rules of venue. Presently, we cannot by analogy to Union Texas stretch La.R.S. 49:6 to the OCS and stretch Article 74 to create an unprovided for extension of Louisiana’s coastal boundaries. We find that the appropriate rule of venue is La.Code Civ. P. art. 42(2) that an action against “[a] domestic corporation ... shall be brought in the parish where its registered office is located.” La.Code Civ.P. art. 85 further provides that “[a]n action against a domestic corporation, the charter and franchise of which have been administratively revoked by the secretary of state in accordance with R.S. 12:163, may be brought in any parish where the suit could have been brought prior to revocation.” Where the record indicates that the Bradford Marine, Inc. had a registered office in LaSalle 1 ¡¿Parish at the time of the accident, we find that the proper venue for this action is LaSalle Parish.

*821
DECREE

In light of the foregoing, we reverse the lower court’s denial of Defendant’s Exception of Improper Venue and hereby order this matter transferred to LaSalle Parish. Costs are assessed to Plaintiff.
REVERSED.